**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Bar of Arizona,<br><br>        Plaintiff,<br><br>v.<br><br>Greg Shannon Levitt, et al.,<br><br>        Defendants. | No. CV-18-00181-TUC-JAS<br><br>**ORDER REMANDING CASE** |

      On April 4, 2018, Defendant Greg Shannon Levitt ("Defendant") filed a Notice of Removal (Doc 1) in the District of Arizona. Defendant also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and a Motion for an Extension of Time to File a Copy of the Court Record (Doc. 6). Also pending before the Court is Plaintiff's Motion to Remand (Doc. 7). On April 23, 2018, Plaintiff filed a Motion to Remand (Doc. 7). Defendant filed a response (Doc. 8) and Plaintiff has filed a reply (Doc. 9). The Court will grant the *in forma pauperis* application (Doc. 2), only to the extent he is not required to pay the filing fee to proceed in this case,[1] and shall remand the Complaint. Plaintiff's Motion to Remand (Doc. 7) shall be granted and this matter shall be remanded. The Motion for an Extension of Time to File a Copy of the Court Record (Doc. 6) shall be denied as MOOT.

---

[1] The Court notes that Plaintiff has a total monthly income of approximately $750. (*See* Doc. 2 at 2.)

**PROCEDURAL HISTORY AND FACTS**

On May 31, 2005, the State Bar of Arizona brought this action in state court.[2] This action did not arise under federal law, but instead alleged that Defendant was practicing law without authorization in violation of Arizona Supreme Court Rules. *Id*. On November 17, 2005, the state court filed a Cease and Desist Order and Judgment.[3] On April 13, 2016, a Final Judgment and Order against Defendants was filed, which rejected Defendant's claims of constitutional protections. (Doc. 7 at 4:1-3.) More recently, Plaintiff has petitioned the state court for an order to show cause, alleging that Defendant persists in his unauthorized practice of the law.[4]

**JURISDICTION**

*Timeliness*

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

Defendant did not timely file the notice of removal. The original complaint was filed in state court on May 31, 2005.[5] Pima County Superior Court filed the original cease and desist order on November 17, 2005.[6] Plaintiff filed the most recent petition for order to show cause on February 15, 2018. (Doc. 7.) The notice of removal was filed on April

---

[2] *See* Petition and Complaint, dated March 31, 2005, Pima County Superior Court Case No. S20053004, http://www.agave.cosc.pima.gove/PublicDocs/.

[3] *See* Cease and Desist Order and Judgment, dated November 17, 2005, Pima County Superior Court Case No. S20053004, http://www.agave.cosc.pima.gove/PublicDocs/.

[4] *See* Plaintiff's Petition for Order to Show Cause, dated April 3, 2018, Pima County Superior Court Case No. S20053004, http://www.agave.cosc.pima.gove/PublicDocs/.

[5] *See* Petition and Complaint, dated March 31, 2005, Pima County Superior Court Case No. S20053004, http://www.agave.cosc.pima.gove/PublicDocs/.

[6] *See* Cease and Desist Order and Judgment, dated November 17, 2005, Pima County Superior Court Case No. S20053004, http://www.agave.cosc.pima.gove/PublicDocs/.

4, 2018, well past the 30 day requirement. (Doc. 1.)

Defendant asserts that removal was timely due to 28 U.S.C. § 1446(g), which states that "Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding." Defendant is incorrect to rely on this subsection. This action is not removable under section 1442(a).

Section 1442 provides that a civil action "that is against or directed to any of the following may be removed by them . . . : (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States. (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties; (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House." 28 U.S.C. § 1442(a).

In this matter, Defendant appears to have been acting as an individual with no relation to the Federal Government. This suit relates to his actions as a citizen. Therefore removal under section 1442 is inappropriate. This matter shall be remanded for failure to timely file the notice of removal.

*Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party asserting jurisdiction in a United States District Court has the burden of demonstrating jurisdiction. *Id.* "The court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party." *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (citing *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007)). Should the party asserting jurisdiction fail to do so, the court will presume it lacks jurisdiction over the matter. *Id.*

Removal is available through several different statutes. *See* 28 U.S.C. §§ 1441, 1442, 1443, 1444. The general rule is that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Original subject matter jurisdiction may be provided through Federal Question Jurisdiction, 28 U.S.C. § 1331, and Diversity Jurisdiction, 28 U.S.C. § 1332.

A court has Federal Question Jurisdiction when the civil action arises under the Constitution, laws, or treaties of the United States. § 1331. This must be "disclosed upon the face of the complaint, unaided by the answer." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28 (1974) (*per curiam*)). It is also possible that a federal court may have jurisdiction if a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Id*. (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005)). "[A] case may not be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Diversity Jurisdiction requires an amount in controversy exceeding $75,000 and

diverse citizenship between parties. § 1332. "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith, and '[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). To overcome that presumption, the challenging party must show that it is a legal certainty that the claim is less than the jurisdictional amount. *Id*. Diversity Jurisdiction requires complete diversity between all named plaintiffs and all named defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

As explained above, a party may remove under § 1442, which requires the moving party to be one of the following: "(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States. (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties; (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House." § 1442(a).

Additionally, civil rights cases may be removable. *See* § 1443. "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788–92, 794–804 [] (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 [] (1966). 'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional

provision that purports to command the state courts to ignore the federal rights.' *Id*." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006). "[R]emoval under [§ 1442(2)] is available only to those who have acted in an official or quasi-official capacity under a federal law and who can therefore be said to have acted under 'color of authority' of the law within the meaning of that provision." *Peacock*, 384 U.S. at 812.

The Court liberally construes *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) "District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine a district judge's role as an impartial decision maker. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1131, n.13 (9th Cir. 2000) (en banc) (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the pro se litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel).

Defendant has failed to assert subject matter jurisdiction for this matter and therefore this matter should be remanded independent of the notice's timeliness. First this matter does not derive jurisdiction from § 1331 (Federal Question Jurisdiction). The complaint in this matter does not allude to any federal question.[7] Defendant asserts that his defense is based on federal law. This is insufficient bases for removal. *See Caterpillar Inc.*, 482 U.S. at 393. Second this matter does not derive jurisdiction from § 1332 (Diversity Jurisdiction), as both parties are citizens of Arizona. The State Bar of Arizona is incorporated in Arizona and Defendant reports that he is a citizen of Arizona. (Doc. 1-2).

Defendant cites 28 U.S.C. § 1343 as a source of original jurisdiction. This notion fails. Original jurisdiction is available in "any civil action authorized by law to be commenced by any person: . . . (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity

---

[7] *See* Petition and Complaint, dated March 31, 2005, Pima County Superior Court Case No. S20053004, http://www.agave.cosc.pima.gove/PublicDocs/.

secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." § 1343(a). This action was not commenced by a person attempting to redress deprivation of constitutional rights. (Doc. 1.) This statute does not provide authority for removal jurisdiction.

As explained above, removal under § 1442 is not appropriate as Defendant appears to have been acting as an individual with no relation to the Federal Government. This suit relates to his actions as a citizen. Therefore removal under sections 1442 or 1443(2) would be inappropriate. To the extent that Defendant has invoked civil rights as authority for removal, it is inappropriate. As stated above Defendant was not acting as an official or quasi-official of the federal government rendering § 1443(2) unsuitable. Removal under § 1443(1) is not available either. There is no indication that this matter implicates racial civil rights as required under § 1443(1). (Doc. 1.)

**CONCLUSION**

Based on the aforementioned reasoning, this matter shall be remanded to the state. Therefore, Defendant's motion for an extension of time is moot. Accordingly,

IT IS ORDERED that Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Doc. 7) is granted. The Clerk of the Court shall remand this case to Pima County Superior Court.

IT IS FURTHER ORDERED that Defendant's Motion for an Extension of Time to File a Copy of the Court Record (Doc. 6) is denied as MOOT.

Dated this 15th day of May, 2018.

Honorable James A. Soto
United States District Judge